**UNITED STATES of America**

v.

**Louis J. RAGONESE, Defendant.**

**No. 82–6104–Cr–Paine.**

United States District Court,
S.D. Florida.

April 29, 1985.

---

Robert J. Lehner, Special Atty., U.S. Dept. of Justice, Miami, Fla., for Government.

Joel Hirschorn, Miami, Fla., for defendant.

PAINE, District Judge.

This cause is before the Court on the government's attempt to secure a forfeiture of certain properties belonging to the defendant, Louis J. Ragonese, pursuant to 18 U.S.C. § 1963(a). Ragonese was convicted of violating the substantive provisions of RICO in February, 1985. The defendant has waived a jury determination of the forfeiture aspect of this case and the government agreed to a non-jury determination. A forfeiture hearing was held on April 11, 1985 at which time the Court heard the arguments of counsel.

The government announced during the course of the hearing its theory that the properties sought to be forfeited came under 18 U.S.C. § 1963(a)(2), which provides that

[w]hoever violates any provision of section 1962 of this chapter shall be fined not more than $25,000 or imprisoned not more than twenty years, or both, and shall forfeit to the United States, ...

(2) any—

(A) interest in;

(B) security of;

(C) claim against; or

(D) property or contractual right of any kind

affording a source of influence over; any enterprise which the person was established, operated, controlled, conducted, or participated in the conduct of, in violation of section 1962; ....

The parties agree that the government must establish the nexus between the property sought to be forfeited, Cypress Villas Apartments and R.J. Louis & Co., and the

substantive RICO violation beyond a reasonable doubt. In this instance, therefore, the government must show that Ragonese's interests in Cypress Villas and R.J. Louis Co. afforded him a source of influence over the enterprise consisting of the association in fact of Ragonese, Liuzzo and Carbonia. In support of its argument the government cites *United States v. Conner*, 752 F.2d 566 (11th Cir.1985) and *United States v. Cauble*, 706 F.2d 1322 (5th Cir. 1983).

In *Cauble* the defendant was found guilty of substantive RICO violation by virtue of the importation and distribution of over 147,000 pounds of marijuana over a two year period. *Cauble*, 706 F.2d at 1329. The jury also found that the defendant's interest in Cauble Enterprises should be forfeited. It is apparent from the language used in the verdict form that the government sought forfeiture pursuant to § 1963(a)(2). *Id.* at 1346, n. 90. Unfortunately *Cauble* does not illucidate the extent to which a source of influence must have been exerted.

The *Conner* case is not really determinative in this instance because the government in *Conner* sought forfeiture of interests acquired or maintained by reason of a substantive RICO violation. In *Conner* the Court upheld the forfeiture of certain sums of money which were received by defendants as kickbacks. Those kickbacks formed, in essence, the cornerstone of the substantive RICO violations. The *Conner* decision is helpful in the context of this proceeding from the standpoint that the *Conner* Court cited the *Cauble* decision with approval. *Id.* at 576. Upon the basis of the limited authority in this area and on the arguments of counsel and evidence the Court makes the following findings of facts and conclusions of law.

### Findings of Fact

1. That Anthony Cardonia conducted drug deals from the two apartments he occupied during the course of his stay at Cypress Villas Apartments (hereinafter C.V.).

2. That Louis Ragonese was the general partner of the entity that owned C.V.

3. That Ragonese used C.V. as a tax shelter for his legitimate investors. (T. at 979, testimony of John Oleroogy).

4. That Ragonese's plan was to improve the quality of tenants and physical plant at C.V. (Testimony of Oleroogy; T. at 736, 1694, 1696).

5. That Ragonese was upset with Carbonia for dealing in drugs at C.V. because these activities frustrated his plan to improve the quality of C.V. (T. 738, 740, 797, 903, 996, 1027).

6. That the planes purchased by R.J. Louis Co., which were used in connection with activities of which Ragonese was convicted, were bought principally for legitimate business purposes. (Testimony of John Oleroogy; T. at 907, 988).

7. That Carbonia was required to pay charter fees for unauthorized use of the plane for a flight to Jacksonville. (T. at 1018, 1027).

8. Ragonese made attempts to secret the planes from Carbonia. (T. 1020, 1037).

### Conclusions of Law

The jury, by its verdict has already determined that Ragonese and Carbonia constituted an association in fact which formed the enterprise for purposes of the RICO claim. All that remains for this Court's determination is whether Ragonese's interest in C.V. and R.J. Louis afforded him a source of influence over the conduct of the affairs of the enterprise. Again the Court notes that, for purposes of this question, it has been designated as the trier of fact by the parties. In making the factual assessments the Court accepts, as it must, the jury's findings that Ragonese was guilty of a substantive RICO violation in addition to numerous predicate acts alleged in the indictment. The only issue is whether in conducting the affairs of the enterprise through a pattern of racketeering Ragonese used his interests to exert influence on the enterprise.

As noted above there is a dearth of law on the question of what constitutes a "source of influence". Numerous cases have discussed what constitutes an "interest" for purposes of forfeiture considerations. *See* e.g. *Russello v. U.S.*, 464 U.S. 16, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983); *U.S. v. McManigal*, 708 F.2d 276 (7th Cir. 1983); *U.S. v. Martino*, 681 F.2d 952 (5th Cir.1982). The "source of influence" portion of the statute has not, however, been the topic of such in depth analysis by the appellate courts. Therefore, this Court must address the matter with relatively little guidance from the appellate bench in an effort to set forth some boundaries.

■ The forfeiture provisions of RICO are, unlike other forfeiture mechanisms, an *in personam* penalty levied against a defendant convicted of a substantive RICO offense. *U.S. v. Conner*, 752 F.2d 566, 576 (11th Cir.1985). The forfeiture is mandatory, but there clearly must be some nexus between the racketeering activity and the assets subject to forfeiture. In other words a RICO forfeiture should not be considered synonymous with England's common law forfeiture of estate wherein all a convicted felon's assets were escheated to the government or Lord. *Cauble*, 706 F.2d at 1345, n. 84. *See also*, Webb & Turow, *Rico Forfeiture in Practice: A Prosecutorial Perspective*, 52 U.Cin.L.Rev. 404, 405 (1983).

The articulated purpose behind passage of RICO was the "removal of organized crime from our organizations, prevention of their return and, where possible, forfeiture of their ill-gotten gains." 116 Cong. Rec. 592 (1970) (Comments of Senator McClellan, the act's major sponsor.) *See also, United States v. Turkette*, 452 U.S. 576, 585, 101 S.Ct. 2524, 2529, 69 L.Ed.2d 246 (1981).

The United States Court of Appeals for the Eleventh Circuit recently addressed the issue of forfeiture under 18 U.S.C. § 1963(a)(2) in *United States v. Zielie*, 734 F.2d 1447 (11th Cir.), *reh'g en banc denied*, 740 F.2d 979 (11th Cir.1984). In defining what assets would be subject to forfeiture under section 1963(a)(2) the Court held that

> [p]roperties that are owned by a RICO defendant and used by him to further the affairs of a RICO enterprise afford the owner/participant a source of influence over the enterprise and are thus subject to forfeiture. . . .

*Id.* at 1459.

■ Based on the findings of facts and the Court's review of the record available, it is the Court's view that Ragonese did not use his interest in C.V. to further the activities of the enterprise beyond a reasonable doubt. Indeed there is support for the theory that Ragonese attempted to curtail the use of C.V. for drug sales. That theory is reasonable and consistent with the overall purposes to improve the quality of C.V.

■ The Court does find however that Ragonese did further the activities of the enterprise by use of Rockwell 685 Aero Commander during the Beliz trip. (T. 1852). That fact alone, however, does not justify forfeiture of Ragonese's entire interest in R.J. Louis Company as it is clear that most of his interest in that entity was not used to further the activities of the enterprise. *United States v. Zang*, 703 F.2d 1186 (10th Cir.1982). Accordingly, it is

ORDERED and ADJUDGED that the Rockwell 685 Aero Commander, or its proceeds, are hereby forfeited to the United States pursuant to 18 U.S.C. § 1963(a)(2).